IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DELBERT EUGENE MARSHALL,   )
                           )
            Petitioner,    )
                           )
    v.                     )    No.  08-3072
                           )
UNITED STATES OF AMERICA,  )
                           )
            Respondent.    )

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Delbert Eugene Marshall's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) (Petition). For the reasons stated below, Marshall's Petition is denied.

## FACTS

On November 9, 2005, Marshall entered an open plea of guilty to six counts: (1) distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1); (2) distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1); (3) distribution of cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) & 860; (4) possession of cocaine and at least 5 grams

1

of cocaine base with intent to distribute within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) & 860; (5) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and (6) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On Counts 1 and 2, Marshall faced a statutory maximum sentence of 20 years, or 240 months, imprisonment. See 21 U.S.C. § 841(b)(1)(C). On Count 3, he faced a statutory maximum of 40 years, or 480 months, imprisonment applied. See 21 U.S.C. § 860(a). On Count 4, he faced a statutory maximum of 80 years, or 960 months, imprisonment. See 21 U.S.C. § 860(a). On Count 5, he faced a maximum of 10 years, or 120 months, applied. See 18 U.S.C. § 924(a)(2). On Count 6, he faced a statutory maximum of life imprisonment. See 18 U.S.C. § 924(c)(1)(A)(I).

Marshall's Indictment did not specify how much cocaine or cocaine base he allegedly distributed or possessed, except that on Count 4, it charged him with possessing at least 5 grams of cocaine base. At his change of plea hearing, Marshall admitted that if he were to proceed to trial, on Count 1 the Government could prove that he distributed at least 6.4 grams of cocaine; on Count 2 the Government could prove that he possessed at least 1.1 grams of cocaine base; on Count 3 it could prove that he possessed

2

at least 4.4 grams of cocaine base; and on Count 4 it could prove that he possessed at least 112 grams of cocaine and at least 6.1 grams of cocaine base. See Cent. Dist. Ill. Case No. 05-30079 Transcript for Proceedings on May 19, 2006 (d/e 28), at 49-55.

The Pre-Sentence Report (PSR) indicated that Marshall should be held accountable for a total of 2.01 kilograms of cocaine base and 6.6 kilograms of cocaine. It relied in part on statements from an informant, Terry Newman, who knew of Marshall's drug sales from 2002 to 2005. Newman's statements did not indicate on what dates he observed Marshall selling drugs. At a contested sentencing hearing, the ATF agent who spoke with Newman testified. On cross-examination, Marshall's attorney asked the agent whether he was aware that from October of 2003 to March of 2004, Newman was incarcerated. The agent testified that he had not known this. Marshall's attorney then introduced as evidence Newman's judgment supporting the dates of his incarceration. Moreover, in argument he asserted that if Newman was incarcerated for a large portion of the time during which he alleges he saw Marshall making drug sales, he could not have observed sales. Additionally, Marshall's attorney argued that from September of 2003 to January of 2004, Marshall was incarcerated, and so

3

could not have made any drug sales during that period.

After considering the evidence and argument on relevant conduct, the Court held Marshall accountable for 2.01 kilograms of cocaine base but only 118.4 grams of cocaine. See Cent. Dist. Ill. Case No. 05-30079 Opinion issued April 13, 2006 (d/e 19), at 3. Regarding Newman's statements specifically, the Court held:

> The objection to the Newman information is that it's vague. However, I think that the indicia of reliability is found in his information and the details that were corroborated, and I accept the accuracy of what is attributable to the Defendant from Paragraph 6.
> Notably, the witness indicated that Newman said two kilograms of crack cocaine and two kilograms of powder were estimated to have been sold by the Defendant from August -- excuse me, from 2003 to August of '05. There was a time when the Defendant was out of jail in that time frame sufficient to do that.

Cent. Dist. Ill. Case No. 05-30079 Transcript of Proceedings on April 10, 2006 (d/e 27), at 99. Including a one-level increase for committing his offenses near a school, Marshall's offense level was 39. His Criminal History score placed him in Category VI.

The Court sentenced Marshall to 240 months imprisonment on each of Counts 1 and 2, 360 months imprisonment on each of Counts 3 and 4, and 120 months imprisonment on Count 5, all to run concurrently. On

Count 6, Marshall received 60 months imprisonment, to run consecutively. In total, the Court sentenced Marshall to 420 months imprisonment.

Marshall appealed his sentence, arguing in part that the Court should not have relied on Newman's statements in calculating drug quantity because Newman was in jail during part of the time period when he claimed to witness Marshall's sales. The Seventh Circuit affirmed Marshall's sentence on December 14, 2006. It held that the Court had properly justified its drug quantity assessment. United States v. Marshall, 208 Fed.Appx. 481, 483 (7th Cir. 2006). The Seventh Circuit issued its mandate January 5, 2007.

On May 2, 2007, Marshall filed a petition for writ of certiorari before the Supreme Court. The Supreme Court denied his petition on June 4, 2007. Marshall then filed the instant Petition. In his Certificate of Service, Marshall averred, "under penalty of perjury," that he placed his Petition in his prison institutional mailing system "on or about March 12, 2008." Petition, Exhibit 1, Certificate of Service, at 2.

In his Petition, Marshall raises four claims of ineffective assistance of counsel. First, he argues that his attorney should have argued that the Court could not consider the relevant conduct evidence regarding drug

quantity without a jury finding or a guilty plea admitting such quantity. Second, he contends that his attorney should have submitted evidence to counter the drug quantity evidence. Third, he asserts that his attorney should have argued that the sentence imposed was unreasonable because no scientific evidence proved that the cocaine at issue was crack cocaine. Fourth, he argues that his attorney should have argued that his sentence violated the guarantees of Equal Protection because the Court assessed cocaine base to powder cocaine at a 100:1 ratio.

## ANALYSIS

Marshall fails to establish a basis for habeas relief. First, while Marshall's Petition was timely, he neglected to provide any evidence in support of his claims. Second, even if the Court were to accept the information he alleges as true, it would not suffice to prove ineffective assistance of counsel on any of his four claims.

I.  PROCEDURAL ISSUES

The Government raises two procedural issues as bases for dismissing Marshall's Petition. While the Government offers no evidence on its claim that Marshall neglected to file his Petition before the applicable deadline, Marshall submits no admissible evidence in support of the substantive

6

arguments he raises. Thus, Marshall's Petition is procedurally inadequate.

    A.    <u>Timeliness</u>

The Government first argues that Marshall's Petition is untimely and therefore should be dismissed. Yet, the Government offers no evidence to counter Marshall's averments of timely filing, and so its argument is unpersuasive.

Habeas petitions are governed by strict timing requirements. A one-year statute of limitations applies to petitions for § 2255 habeas relief. Under the statute, a petitioner must file his petition within one year of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The latest of these dates governs. Marshall has offered no evidence to suggest that the dates in (2)-(4) above might apply,

leaving the Court to calculate from date (1).

The only evidence in the record suggests that Marshall's Petition was timely under the statute. Marshall filed a petition for writ of certiorari before the Supreme Court, but he filed past the Supreme Court's deadline. The petition for writ of certiorari was due within 90 days of the Seventh Circuit's entry of judgment, which would have been March 14, 2007. See S. Ct. R. 13(1). Marshall did not file until May 2, 2007. Thus, the Court must analyze the timeliness of his current Petition as if he failed to file a petition for writ of certiorari. Where a petitioner fails to file a petition for writ of certiorari on direct appeal, his one-year limitation deadline for filing a habeas petition starts to run when the time for seeking Supreme Court review expires, not from the date the appellate court's mandate issued. Clay v. United States, 537 U.S. 522, 532 (2003). As noted, Marshall's deadline for filing with the Supreme Court passed March 14, 2007. Thus, Marshall could have filed within a year of that date, or by March 14, 2008.

According to Marshall's signed Certificate of Service, he placed his petition in the prison mailing system on March 12, 2008. If so, his Petition was timely. See Jones v. Bertrand, 171 F.3d 499, 502 (7th Cir. 1999). The Government contends that he did not use the prison mailing system,

8

however. It asserts that FCI Greenville, where Marshall was incarcerated, stamps legal mail with a certification indicating the date and time an inmate submits the mail and the name of the employee receiving the mail, and the prison then mails the package within an hour of acceptance. The Government contends that Marshall's envelope lacks this stamped certification. Yet, the Government has filed no affidavit or other evidence in support of its explanation of the FCI Greenville mailing procedure. Additionally, the Government argues that Marshall waited until March 14, 2008, to mail his Petition and asserts that this mailing date is clear from the postal service stamp of March 14, 2008, on the face of his envelope. While the Government says that this date is clear on the envelope in which Marshall mailed his Petition to the Court, the Court's envelope has not been maintained or entered into the file for this case. This absence leads the Court to believe that the envelope the Government has reviewed is the one Marshall used to send the Government a copy of his Petition (which also is not a part of the record), not the one he used to send the Court his Petition. Thus, there is no record evidence of the postal mailing stamp, and the Government has offered no evidence to support its claim of an untimely filing. And even if Marshall waited until March 14, 2008, to mail his

9

Petition, it was still timely.

B.     Admissible Evidence

The Government also argues that Marshall has not submitted evidence in support of his substantive claims. On this issue, the Government is correct.

Marshall has provided the Court with no admissible evidence supporting his ineffective assistance of counsel claims. While Marshall has submitted a sworn Petition, it sets forth only bare claims without supporting detail. Marshall also submitted a signed Memorandum and Brief in Support of Title 28 U.S.C. § 2255 (d/e 3) and supplemental letter (d/e 7) to the Court discussing various details of his claims, but these documents are not sworn statements. Affidavits suffice as evidence, but unsworn statements do not. Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002).

Along with his letter, Marshall filed various documents regarding Newman's incarceration dates, such as an Illinois Department of Corrections computer printout, but he provided no affidavit authenticating these documents. The documents therefore are inadmissible and cannot constitute evidence. Without evidence, this Court cannot grant even an

evidentiary hearing. See Barry v. United States, 528 F.2d 1094, 1101 (7th Cir. 1976) ("[I]t is the rule of this Court that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions.").

Marshall is pursuing this case pro se, which gives the Court some leeway in analyzing the support for his claims, but giving Marshall additional time to file admissible evidence would not change the outcome of this case. As set forth below, even if the Court were to treat the documents submitted by Marshall as evidence, such evidence would not establish a viable claim for habeas relief.

II.  MERITS

Substantively, Marshall's four arguments raise claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must show that his attorney's representation was objectively deficient, and that the deficient representation caused him prejudice. Strickland v. Washington, 466 U.S. 668, 688 (1984). To establish deficient representation, he must prove that his attorney committed errors so serious that his performance could not be considered reasonable under prevailing

professional norms.  Id. at 687-88.  "However, this analysis takes place in the context of the presumption that an attorney's conduct is reasonably proficient."  Galbraith, 313 F.3d at 1008.  To establish prejudice, Marshall must show a reasonable probability that but for attorney error, his sentence would have been different.  Strickland, 466 U.S. at 694.  Reasonable probability requires a probability sufficient to undermine confidence in the outcome.  Id.  Marshall cannot satisfy these requirements on any of his four claims.

    A.    <u>Court Findings on Relevant Conduct</u>

According to Marshall, the Court improperly considered relevant conduct evidence regarding drug quantity in determining his base offense level and sentence without submitting such issues to a jury.  Marshall insists that his attorney's failure to argue that the Court could not decide accountability issues constituted ineffective assistance of counsel.  Marshall has misunderstood the law.

In Apprendi v. New Jersey, the Supreme Court held that any fact that increases the statutory maximum sentence must be proven to a jury beyond a reasonable doubt or admitted by the defendant.  Apprendi, 530 U.S. 466, 490 (2000).  But as the Seventh Circuit has noted, "when a judge imposes

a sentence below the statutory maximum, he may do so based on facts found by a preponderance of the evidence." United States v. Abdulahi, 523 F.3d 757, 760 (7th Cir. 2008). "Apprendi has no application to cases where the sentence is below the statutory maximum." United States v. Gilmer, 534 F.3d 696, 704 (7th Cir. 2008).

Marshall's sentence did not exceed the applicable statutory maximums. On Counts 1 and 2, the maximum was 240 months imprisonment, and the Court sentenced him to 240 months imprisonment. On Count 3, the maximum was 480 months, and Marshall received 360 months. On Count 4, the maximum was 960 months, and Marshall received 360 months. On Count 5, a maximum of 120 months applied, and the Court sentenced Marshall to 120 months. On Count 6, a maximum of life imprisonment applied, and Marshall received 60 months, to run consecutively to his other sentences. None of Marshall's sentences exceeded the applicable statutory maximum. Therefore, the Court's determination of drug quantity based on a preponderance of the evidence was permissible; no jury finding was required.

Because Marshall's argument lacks merit, his attorney was not required to raise it. See United States v. Fish, 34 F.3d 488, 495 (7th Cir.

1994) (holding that where advancing an argument would have been futile, failure to raise it cannot constitute ineffective assistance of counsel). Marshall is not entitled to habeas relief on this issue.

B. <u>Evidence Disputing Relevant Conduct</u>

Next, Marshall asserts that his attorney should have offered evidence to dispute the relevant conduct evidence on which the Court relied to determine drug quantity.[1] He claims that "counsel neglected to offer during this stage of the proceeding's evidence which would have showed that during a part of 2004 petitioner was in prison/jail and the government witness Newman nor the agents who testified, put forth specific dates to support their allegations." <u>Memorandum and Brief in Support of Title 28 U.S.C. § 2255</u>, at 15-16. Again, Marshall's argument is unpersuasive.

While Marshall's attorney did not offer evidence to prove that Marshall was incarcerated for a certain period, he did offer Newman's judgment of conviction to support Newman's incarceration dates. The

---

[1] Marshall describes this claim as "incorrect application of Federal law," and argues that he was prejudiced by his attorney's failure to argue that this Court ruled contrary to established precedent. <u>Memorandum and Brief in Support of Title 28 U.S.C. § 2255</u>, at 12. He again raises the <u>Apprendi</u> argument regarding jury findings on relevant conduct, but as the Court rejected that argument above, it confines its analysis on this claim to his argument that counsel failed to offer evidence to rebut the Government's relevant conduct evidence.

14

Court considered both the arguments by Marshall's attorney and the evidence of Newman's incarceration dates and determined that even accepting both sets of information, there still remained time periods during which Marshall and Newman were both free and Newman could have observed Marshall making drug sales.

A review of the information Marshall submitted with his Petition does not contradict that finding. Even if Marshall is correct that during much of the time from 2002 to 2005, either he or Newman was incarcerated, there still remained time periods within that range when both were free. As one example, Marshall asserts that Newman was incarcerated from June 6, 2004 until September 28, 2004, and Marshall was incarcerated from October 9, 2004 to December 8, 2004. See Letter, at 2. If true, that leaves both men free from September 29, 2004 to October 8, 2004, and Newman could have observed Marshall making drug sales during this time period.

Marshall also indicates that before these dates, Newman was arrested on October 16, 2003, and at sentencing, his attorney represented that Newman was released in March of 2004. Marshall fails to claim that he was incarcerated at any point in 2004 before October 9. Thus, the Court has no basis for concluding that Newman could not have observed Marshall's drug

sales from sometime in March of 2004 to June 6, 2004.

Moreover, Marshall has provided the Court no information regarding incarceration dates for either man before September of 2003. The Court cannot conclude that it was impossible for Newman to observe Marshall selling drugs throughout most of 2003. Even if Marshall's attorney had submitted additional evidence supporting Marshall's claims of incarceration dates, it would not have changed the outcome of this case. Therefore, any failure by his attorney to present such evidence did not constitute ineffective assistance of counsel.

    C.    Scientific Evidence

Marshall also contends that his attorney improperly failed to argue that without scientific evidence establishing that the cocaine base for which Marshall was held accountable was in fact cocaine base, or crack, any sentence based on these drugs would be unreasonable. The Court rejects this argument.

Scientific evidence is not required to prove the identity of a drug. "It is well established that the government need not prove the identity of a controlled substance by direct evidence." United States v. Dominguez, 992 F.2d 678, 681 (7th Cir. 1993). Instead, courts may rely upon "the available

16

circumstantial evidence" in determining the drug involved. Id. Circumstantial evidence may include statements from witnesses familiar with the drug through prior use or trading. Id. Here, Newman informed law enforcement agents that Marshall sold 2 kilograms of crack cocaine in 2004. PSR, ¶ 6. At Marshall's sentencing hearing, an ATF Special Agent testified that Newman was familiar with the drug trade and had made drug sales for Marshall before. Cent. Dist. Ill. Case No. 05-30079 Transcript of Proceedings on April 10, 2006, at 70, 72. The Court was entitled to rely on this evidence to hold Marshall accountable for 2.01 kilograms of crack cocaine.

Because scientific evidence was unnecessary, Marshall's attorney committed no error in failing to challenge its absence. His assistance on this issue was not constitutionally ineffective.

D.  Equal Protection

Finally, Marshall contends that to provide effective assistance, his attorney had to argue that the 100:1 cocaine base to powder cocaine ratio used to calculate sentences at the time of his sentencing violated his Equal

Protection rights.[2]  Again, Marshall is incorrect.

The Seventh Circuit had rejected this Equal Protection argument. United States v. Smith, 223 F.3d 554, 578 (7th Cir. 2000); United States v. Westbrook, 125 F.3d 996, 1010 n.16 (7th Cir. 1997) (collecting cases); United States v. Booker, 73 F.3d 706, 710 (7th Cir. 1996) (collecting cases). Thus, any such argument by Marshall's counsel would have been futile.  He cannot be faulted for failing to raise it.

THEREFORE, Petitioner Delbert Eugene Marshall's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is DENIED.  All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   July 7, 2009

    FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE

---

[2]On December 11, 2007, the United States Sentencing Commission amended the Guidelines for crack cocaine offenses to reduce the disparity with powder cocaine.  This retroactive Amendment gives the Court authority to reduce a qualifying defendant's sentence by a set amount, provided he files a motion for reduction in his criminal case and establishes his eligibility under the Amendment.